NOT FOR PUBLICATION                                         (Doc. No. 28)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

CAMDEN VICINAGE

MATTHEW SEAVEY and
KORRIN SEAVEY,

        Plaintiffs,         Civil No. 1:11-CV-02240-RBK-JS

        v.         **OPINION**

GLOBUS MEDICAL, INC. et al.,

        Defendants.

**KUGLER**, United States District Judge:

      This matter arises as a result of a spinal operation performed on Plaintiff Matthew Seavey ("Plaintiff") by Defendant Mark Testaiuti, M.D. ("Dr. Testaiuti"). The surgery involved the implantation of the Globus Medical Thoracolumbar Transition Stabilization System ("Globus Transition System"), a medical device designed, manufactured and sold by Defendant Globus Medical, Inc. ("Globus"). Presently before the Court is Globus's Motion to Dismiss Count V of Plaintiff's Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motion is **DENIED**.

**I.  BACKGROUND**

      On April 22, 2009, Plaintiff underwent a spinal operation performed by Dr. Testaiuti, a physician at Defendant Coastal Spine, P.C. ("Coastal"). (Compl. ¶ 13). The

1

surgery was performed at Defendant Fellowship Spine Surgery Center ("Fellowship"), an ambulatory care facility located in Mt. Laurel, New Jersey. (Compl. ¶¶ 11, 13). Plaintiff alleges that a Globus Transition System was installed during the surgery in a manner inconsistent with FDA recommendations and product warnings. (Compl. ¶¶ 55-57). Because of this "off-brand" usage, Plaintiff claims that he suffered from a product failure that necessitated revision surgery on April 7, 2011 and caused serious and permanent injuries that persist after the revision surgery. (Compl. ¶ 21). The Second Amended Complaint was filed on June 23, 2011 in federal court based on diversity jurisdiction.

Globus moves to dismiss Count V of the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Globus argues that Plaintiff has failed to sufficiently plead the existence of express warranties in violation of Fed. R. Civ. P. 8(a); or alternatively, that Plaintiff's express warranty claims are subsumed by the New Jersey Products Liability Act ("PLA").

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action for failure to state a claim upon which relief can be granted. With a motion to dismiss, "'courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)). In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its

2

face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

In making this determination, a court must engage in a two-part analysis, wherein it first separates factual allegations from legal conclusions, and then determines whether the factual allegations are sufficient to show that the plaintiff has a "plausible claim for relief." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009); Fowler, 578 F.3d at 210-11. A complaint cannot survive where a court can only infer that a claim is merely possible rather than plausible. See id.

### III. DISCUSSION

#### A. PLAINTIFF'S BREACH OF EXPRESS WARRANTY CLAIMS

Globus argues that the Second Amended Complaint asserts insufficient facts to support a claim for a breach of express warranties under New Jersey law. N.J. Stat. Ann. § 12A:2-313(1) defines an "express warranty" as:

> (a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.
> (b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.
> (c) Any sample or model which is made part of the basis of the bargain creates an express warranty that the whole of the goods shall conform to the sample or model.

See Lopienski v. Centocor, Inc., No. 07-4519, 2008 U.S. Dist. LEXIS 49099 (D.N.J. June 25, 2008) (citing Liberty Lincoln-Mercury, Inc. v. Ford Motor Co., 171 F.3d 818, 824 (3d Cir. 1999)).

Here, Plaintiff claims that Globus was "at all times present for and participated in the selection of" the Globus Transition System. (Compl. ¶ 55). According to Count V, Globus promised to select the proper product for the Plaintiff, promised that the product

3

they would select was fit for the particular purpose to which it was being put and merchantable for ordinary use and that specific use, and promised to install it correctly in accordance with FDA standards.  (Compl. ¶ 69).  The Court finds that, if Defendant had indeed made these promises, that they would have been sufficiently material promises to become part of the bargain as contemplated by N.J. Stat Ann. § 12A:2-313(1)(a). Plaintiff further alleges that these promises were eventually broken, causing great harm to Plaintiff and forcing Plaintiff to undergo remedial surgery and other therapies.  (Compl. ¶¶ 22-26, 70-71).  These allegations, taken in the light most favorable to Plaintiff, are sufficient to support a plausible claim for breach of express warranty.

### B.  NEW JERSEY PRODUCTS LIABILITY ACT

Globus also argues that Plaintiff's breach of warranty claims are subsumed by the PLA.  Specifically, its motion states that "[t]he PLA provides the exclusive remedy for harm caused by a product, irrespective of the theory underlying the claim." (Def's Mot. to Dismiss Count V, at 4).  The PLA, however, contains an important exception that is noted in Defendant's motion to dismiss as well as Plaintiff's declaration in opposition. The Act statutorily abrogates any "claim or action brought by a claimant for harm caused by a product, irrespective of the theory underlying the claim, *except actions for harm caused by breach of an express warranty*."  N.J. Stat. Ann. § 2A:58C-1(b)(3) (emphasis added).  See Sinclair v. Merck & Co., Inc., 948 A.2d 587, 593 (N.J. 2008) (listing exceptions to the PLA).

Plaintiff claims that Globus or its representative made four promises regarding the safety and suitability of their product for his particular surgery.  The Court has found that Plaintiff has sufficiently pled facts sustaining a cause of action for breach of express

4

warranties. (Compl. ¶ 69). Because the PLA specifically excepts express warranties from its purview, the Court finds that Plaintiff's claims of express warranty are not subsumed.

## IV. CONCLUSION

For the reasons set forth above, Defendant's motion is denied. Based upon the pleadings, Plaintiff has alleged a legally sufficient factual basis for its express warranty claims. Furthermore, express warranty claims are not subsumed by the PLA. Therefore, Defendant's motion to dismiss Count V of the Second Amended Complaint is **DENIED**.


Dated: 1/26/2011                                        /s/ Robert B. Kugler
                                                        ROBERT B. KUGLER
                                                        United States District Judge